UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLCO RENEWABLE ENERGY LIMITED, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. 1:21-cv-11171-IT |
| | * | |
| DEB HAALAND, in her official capacity of Secretary of the Interior, et al., | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| NANTUCKET RESIDENTS AGAINST TURBINES and VALLORIE OLIVER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Case No. 1:21-cv-11390-IT |
| v. | * | |
| | * | |
| U.S. BUREAU OF OCEAN ENERGY MANAGEMENT, et al., | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

CONSOLIDATED MEMORANDUM & ORDER

January 7, 2022

Pending before the court are motions to intervene by Vineyard Wind 1 LLC ("Vineyard Wind") in the two above-captioned matters.[1] The Plaintiffs in each action allege that the environmental review underlying federal authorization of Vineyard Wind's offshore wind energy project ("Vineyard Wind Project") failed to comply with applicable environmental protection

---

[1] The proceedings have been consolidated for purposes of the pending intervention motions only.

laws. For the reasons set forth below, as to each action, Vineyard Wind is granted leave to intervene pursuant to Fed. R. Civ. P. 24(b) and denied without prejudice leave to intervene pursuant to Fed. R. Civ. P. 24(a).

## I.   BACKGROUND

Allco Renewable Energy Limited and Allco Finance Limited (together "Allco") and their Chief Counsel Thomas Melone (collectively, "Allco Plaintiffs") filed <u>Allco Renewable Energy Limited, et al. v. Haaland, et al.</u>, 21-cv-11171, on July 18, 2021 ("Allco matter"). Allco owns, operates, and develops "various solar electric generating facilities" in New England. Allco Compl. ¶ 14 [#1], 21-cv-11171. The Allco Plaintiffs bring claims against the U.S. Fish and Wildlife Service, National Oceanic and Atmospheric Administration ("NOAA") Fisheries Directorate, U.S. Army Corps of Engineers, Bureau of Ocean Emergency Management ("BOEM"), U.S. Department of the Interior, and individual officials from each of the named agencies. <u>Id.</u> ¶¶ 21–29.

Nantucket Residents Against Turbines ("NRAT") and Vallorie Oliver (collectively the "NRAT Plaintiffs") filed <u>Nantucket Residents Against Turbines, et al. v. Bureau of Ocean Energy Management, et al.</u>, 21-cv-11390 ("NRAT matter") on August 25, 2021, against BOEM, NOAA, National Marine Fisheries Service, the Secretary of the Interior, and the Secretary of Commerce. NRAT is a non-profit "established to protect the natural and human resources" it believes are threatened by government efforts to expand offshore wind energy production like the Vineyard Wind Project. NRAT Compl. ¶ 13 [#1], 21-cv-11390. Vallorie Oliver is a founding member of NRAT and a lifelong resident of Nantucket. <u>Id.</u> ¶ 14.

The Plaintiffs in each action allege BOEM relied on inadequate environmental assessments to inform approvals for the Vineyard Wind Project in violation of the National

Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, the Endangered Species Act ("ESA"), 15 U.S.C. § 1531, and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–706.[2] See Allco Compl. ¶¶ 1, 7 [#1], 21-cv-11171; NRAT Compl. ¶¶ 2–3 [#1], 21-cv-11390. In each action, the Plaintiffs seek an order vacating the federal approvals for the Vineyard Wind Project, declaring the approvals unlawful, and enjoining Defendants from issuing new permits or approvals for the Vineyard Wind Project until they prepare new environmental assessments in compliance with the applicable laws. Allco Compl. ¶¶ 71, 307 [#1], 21-cv-11171; NRAT Compl. 35–36 [#1], 21-cv-11390.

Vineyard Wind filed a Motion to Intervene [#5] in the Allco matter on September 16, 2021, and a Motion to Intervene [#11] in the NRAT matter on October 5, 2021. Vineyard Wind advances the same arguments for intervention in each action. Vineyard Wind holds the approvals and permits being challenged in both actions and asserts they were lawfully issued and should remain in force. Vineyard Wind contends that in 2015, BOEM awarded Vineyard Wind the exclusive right to submit plans for construction and operation of the Vineyard Wind Project in a leased area off the southern coast of Nantucket, Massachusetts. Patchter Decl. ¶ 4 [#8], 21-cv-11171. Vineyard Wind asserts further that it timely submitted the plans in 2017 and that BOEM's regulatory review followed. Id. ¶¶ 17–19. Vineyard Wind recounts that BOEM initiated the NEPA environmental assessment process as a standard part of its review, which included the preparation of an Environmental Impact Statement ("EIS") and, because the leased area encompasses the marine habitat of endangered right whales, a Biological Opinion ("BiOp") from

---

[2] Additionally, the Allco Plaintiffs allege the deficient biological review was in violation of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, et seq., the Clean Water Act ("CWA"), 33 U.S.C. § 1251, et seq., the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1361, et seq. Allco Compl. ¶ 1 [#1], 21-cv-11171.

NOAA Fisheries was required to identify any adverse impact of the project on endangered marine life. NRAT Opp'n 1–2 [#17], 21-cv-11390; see 42 U.S.C. §§ 4321 et seq. NOAA issued the Vineyard Wind BiOp on September 11, 2020, and BOEM issued its Final EIS for the Vineyard Wind Project in March 2021. NRAT Compl. ¶¶ 44, 54 [#1], 21-cv-11390; Patcher Decl. ¶¶ 26–27 [#8], 21-cv-11171. The Final EIS and BiOp were adopted into BOEM's regulatory review. NRAT Opp'n 5 [#17], 21-cv-11390; see also NRAT Compl. ¶¶ 7, 44–48 [#1], 21-cv-11390.

Vineyard Wind contends that the federal approvals at issue in the two actions were the result of a ten-year regulatory process and investment of approximately $300 million dollars. Moeller Decl. ¶ 4 [#7], 21-cv-11171. It also asserts that in reliance on these federal approvals, it has entered "numerous contracts" with manufacturers, transporters, and installers of component parts of the project that agree "to commence offshore construction in mid-2022." Id. ¶ 5. Together these contracts allegedly total more than $3 billion and bind Vineyard Wind to financial and schedule obligations. Id. Vineyard Wind contends that given these complex obligations "the Project would not likely survive a significant delay" and any such delay would cause the company to lose hundreds of millions of dollars already invested in the project. Mem. in Supp. of Mot. to Intervene 6 [#6], 21-cv-11171.

Vineyard Wind moves to intervene by right under Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, as a matter of discretion under Rule 24(b). Mot. to Intervene 1 [#5], 21-cv-11171. Plaintiffs in each action oppose intervention, though not on all the same grounds. Defendants do not take a position on intervention in either matter, but acknowledged at a status conference that because the United States is Vineyard Wind's regulator, the parties have some interests that may differ.

4

## II.     LEGAL STANDARD

Under Rule 24(a), a court must permit a moving party to intervene by right where there is "(1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing action; (3) a satisfactory showing that the disposition of the action threatens to create a practical impairment or impediment to its ability to protect that interest; and (4) a satisfactory showing that existing parties inadequately represent its interest." Conservation Law Found. v. Mosbacher, 966 F.2d 39, 41 (1st Cir.1992) (citing Pub. Serv. Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998)); see Fed. R. Civ. P. 24(a)(2). While intervention by right requires each of the four requirements be satisfied, the court may "recognize that there is some interplay between them," Daggett v. Comm'n on Governmental Ethics & Election Pracs., 172 F.3d 104, 113 (1st Cir. 1999), and consider the motion for intervention "with an eye toward the commonsense view of the overall litigation," Ungar v. Arafat, 634 F.3d 46, 51 (1st Cir. 2011).

Where a movant is not entitled to intervention as of right, the court may, on timely motion, allow permissive intervention so long as the movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When evaluating a request for permissive intervention, "the district court can consider almost any factor rationally relevant" when exercising its "very broad discretion in granting or denying the motion," Daggett, 172 F.3d at 113, but "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3).

## III.    DISCUSSION

Plaintiffs do not dispute that Vineyard Wind's intervention motions are timely, but advance several arguments, with some overlap, challenging Vineyard Wind's contention that intervention is required or warranted. First, the Allco Plaintiffs argue that intervention requires Article III standing and that Vineyard Wind lacks standing in its case. Second, both the Allco and NRAT Plaintiffs argue that Vineyard Wind does not satisfy the requirements for intervention as of right under Rule 24(a)(2). And finally, Plaintiffs in each case argue the court should exercise its discretion to deny permissive intervention under Rule 24(b). The court addresses each of these arguments in turn.[3]

### A.    Standing

The Allco Plaintiffs argue that Vineyard Wind lacks standing to intervene as a defendant. The First Circuit has expressly declined to take a position on whether, as a threshold matter, "an intervenor as of right must possess standing under Article III." Daggett, 172 F.3d at 109. Rather, it has instructed that "in the ordinary case, an applicant who satisfies the 'interest' requirement of the intervention rule is almost always going to have a sufficient stake in the controversy to satisfy Article III as well." Cotter v. Massachusetts Ass'n of Minority L. Enf't Officers, 219 F.3d 31, 34 (1st Cir. 2000). And therefore, absent an "unusual case[] where an intervenor could satisfy the interest requirement of Rule 24(a)(2) without having the stake in the controversy needed to satisfy Article III," whether "an intervenor-defendant must show some separate from of standing" is a needless inquiry at the intervention stage. Id. Such an unusual case may occur where the intervenor defendant seeks to proceed as the sole defendant in a case, but that is not

---

[3] The Allco Plaintiffs also argue that Vineyard Wind's motion to intervene is premature because it was filed before Defendants had appeared. But where Defendants have now appeared in both cases and had an opportunity to set forth their position, this objection is moot.

the situation here and accordingly, the court declines to address the question of standing at this juncture. However, should Vineyard Wind seek to proceed as the sole defendant in this matter at some later point, Plaintiffs may seek renewed consideration of Vineyard Wind's Article III standing.

B.   <u>Intervention by Right</u>

A party timely seeking intervention under Rule 24(a)(2) is entitled to intervention by right where it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Allco Plaintiffs argue that Vineyard Wind cannot meet any of these requirements for intervention by right; the NRAT Plaintiffs argue only that Vineyard Wind fails to satisfy the final requirement, that its interests are not adequately represented by the government defendants.

i.   *Protectible interest*

Vineyard Wind seeks to intervene as of right to protect its financial and commercial interests in the Vineyard Wind Project approvals and permits challenged by Plaintiffs in each action, citing schedule obligations under the contracts that would be adversely impacted by the approvals being enjoined or vacated. Mem. in Supp. of Mot. to Intervene 10–11 [#6], 21-cv-11171; <u>see</u> Moeller Decl. ¶ 4 [#7], 21-cv-11171 ("significant financial and schedule obligations under the contracts that would be adversely impacted" if relief sought were granted). Vineyard Wind argues that its interest in the federal approvals and permits creates a sufficiently significant interest in the subject of both actions to satisfy this prong. The court agrees.

While the First Circuit has not provided a "precise and authoritative definition of the interest required to sustain a right to intervene," at a minimum the interest "must be direct, not contingent" or illusory. Mosbacher, 966 F.2d at 42; see Patch, 136 F.3d at 205–06. A moving party may satisfy the interest requirement with a showing that its "contractual rights may be affected by a proposed remedy," B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 545 (1st Cir. 2006), or where the litigation directly threatens "[p]otential economic harm" or "an economic right or benefit presently enjoyed by any would-be intervenor," Patch, 136 F.3d at 205. However, a showing of "an undifferentiated, generalized interest in the outcome of an ongoing action" is insufficient to support intervention by right. Patch, 136 F.3d at 205–06.

The Allco Plaintiffs contend Vineyard Wind's interest in the federal approvals and permits is overly contingent. They argue that the Allco action seeks only re-evaluation of the environmental impact of the Vineyard Wind Project and that conducting such environmental review does not guarantee that Vineyard Wind's interest in sustaining its approvals will be harmed. They contend that the government "may still, after such review, approve issuance of the necessary permits and approvals" thereby making the harm to Vineyard Wind "'contingent on the uncertain outcome of later determinations.'" Allco Opp'n 5 (quoting Mosbacher, 966 F.2d at 43) [#18], 21-cv-11171. But this argument misconstrues the nature of Vineyard Wind's asserted interest. Vineyard Wind's interest is not in a "yet unrealized expectancy of" constructing the offshore wind energy facility, but rather in the specific federal approvals and permits that it currently holds, and on which it has relied in entering contracts. Patch, 136 F.3d at 205; see Allco Compl. ¶ 92 (the approvals granted to Vineyard Wind for their wind energy project are final agency actions) [#1], 21-cv-11171.

Accordingly, the court finds Vineyard Wind's interests in the approvals sufficiently direct and substantial to support intervention by right.

      *ii.*    *Impairment of the interest*

Having found Vineyard Wind has a sufficient interest at stake, it follows that this interest would be adversely affected should Plaintiffs in either matter obtain the relief sought. Where the disposition of the case could result in a judicially enforceable order that adversely affects the would-be intervenor's significant interest, this requirement is satisfied. See Daggett, 172 F.3d at 110–11. Here, as a practical matter, an order vacating the federal approvals pending a more robust environmental review as requested by the Plaintiffs would have an adverse effect on Vineyard Wind's interests.

The Allco Plaintiffs assert that their action would not impair Vineyard Wind's interests because Vineyard Wind will still hold the lease to the project site and there exists a possibility the government will reissue the vacated approvals and permits after additional environmental review. Allco Opp'n 5 [#18], 21-cv-11171. As the Allco Plaintiffs concede, however, the requested relief would in any event delay the Vineyard Wind Project for an indeterminate amount of time and inject uncertainty into the viability of the project entirely. See Allco Opp'n 5 [#18], 21-cv-11171. This is because proceeding with the construction of the Vineyard Wind project is contingent on the continuation of these permits. See Patch, 136 F.3d at 206; Moeller Decl. at ¶¶ 4–5 [#7], 21-cv-11171. Should Plaintiffs obtain their requested relief in either action, Vineyard Wind would be forced to put its project indefinitely on hold. The "significant financial and schedule obligations under the contracts [totaling over $3 billion] that would be adversely impacted" by an order enjoining or vacating the approvals would be a direct effect of the litigation, independent of the continuation of the lease or the outcome of the government's

further review. See Moeller Decl. ¶ 5 [#7], 21-cv-11171; see Pub. Serv. Co. of New Hampshire v. Patch, 173 F.R.D. 17, 27 (D.N.H. 1997), aff'd, 136 F.3d 197 (1st Cir. 1998) ("As the ultimate targets of the restructuring, these electric utility companies have a direct interest in the substance of the Final Plan, and thus have a "sufficiently close relationship" to this dispute to support their motions to intervene.").

Moreover, while the economic consequences of an order setting aside Vineyard Wind's federal approvals may be irrelevant for determining liability under the relevant environmental protection statutes, considerations of the economic consequences may ultimately prove relevant if the court is required to fashion equitable relief, particularly in light of its vulnerability to delays that could bring the Vineyard Wind Project to a halt.

> *iii.* *Adequate Representation of Interests*

Where, as the court has found here, the party timely seeking intervention has a significant interest in the subject of the action and the outcome may impair its ability to protect that interest, the court must permit intervention by right "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Accordingly, the court must address whether the Defendants adequately represent Vineyard Wind's interests in sustaining its federal permits and approvals.

Typically, a party moving to intervene need only "show[] that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trobovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). However, where a movant requests intervention in support of a government party seeking the same outcome, a rebuttable presumption that "the government will defend adequately its action" attaches. Patch, 136 F.3d at 207; Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n, 197 F.3d 560, 567 (1st Cir. 1999) (presumption that the government

adequately represents "all private defenders of the statute or regulation unless there is a showing to the contrary").

Plaintiffs contend that Vineyard Wind has failed to explain why the government will not adequately represent its interest in each case. Specifically, Plaintiffs argue that Vineyard Wind has failed to show any divergence in legal arguments or litigation strategy that suggests a likely conflict that would prevent the government from adequately representing its interests. Vineyard Wind responds that its private economic interest in sustaining the approvals overcomes the presumption of adequate representation and its interest in avoiding any outcome that would stall the project, even temporarily, is sufficient evidence of likelihood of divergence to show the government's representation "may be inadequate." Trobovich, 404 U.S. at 538 n.10.

"'Presumption' means no more in this context than calling for an adequate explanation as to why what is assumed—here, adequate representation—is not so." State v. Dir., U.S. Fish & Wildlife Serv., 262 F.3d 13, 19 (1st Cir. 2001). The court must take "a commonsense view of the overall litigation'" when evaluating whether the moving party can overcome the presumption of adequate representation and demonstrate a sufficient "likelihood of conflict or divergence of interest[s]" to justify intervention by right. Cotter, 219 F.3d at 35–3 (quoting Patch, 136 F.3d at 204).

Here, Vineyard Wind's goal is the same as the government's: to defend the validity of the Vineyard Wind Project approvals and the integrity of the underlying review. However, the interests animating this common position are not necessarily symmetrical. Vineyard Wind has a private economic interest in the uninterrupted continuation of its federal permits and approvals and in proceeding swiftly with the construction of the Vineyard Wind Project. Meanwhile, the government may not have the same degree of urgency with regard to adherence to the project

timeline. Moreover, the government shares the Plaintiffs' interest in ensuring that regulations governing environmental protection are followed and that the Vineyard Wind Project does not unlawfully harm marine wildlife. But divergent interests alone do not overcome the presumption of adequate representation without "some tangible basis to support a claim of purported inadequacy." Massachusetts Food, 197 F.3d at 568. And "[t]he general notion that the [government] represents 'broader' interests at some abstract level is not enough." Daggett, 172 F.3d at 112.

At this stage, Vineyard Wind has not produced a tangible basis for persuading the court that these asymmetrical interests will prevent the government from adequately representing Vineyard Wind's interests. Vineyard Wind suggests that the government's agnosticism to Vineyard Wind's strong interest in continuing the Vineyard Wind Project without interruption or delay creates a potential conflict. Mem in Supp. of Mot. to Intervene 14–15 [#6], 21-cv-11171. But Vineyard Wind has not convinced the court that this potential divergence in interest will result in the government advancing legal arguments adverse to Vineyard Wind's interests. And while the interest divergence may create a conflict if the government were negotiating terms of a voluntary resolution, the general fear that the existing party will enter into an unfavorable settlement is not enough to show inadequate representation. See T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 40 (1st Cir. 2020) (fear of unfavorable settlement insufficient where concerns are based on conjecture and not supported in the record). Accordingly, Vineyard Wind has not persuaded the court that the government cannot adequately represent Vineyard Wind's interests at this stage.

However, the decision is entered without prejudice. Should new considerations as to the adequacy of the government's representation of Vineyard Wind's interest arise in either matter

as the litigation proceeds, Plaintiffs in either matter may seek renewed consideration of intervention by right under Fed. R. Civ. P. 26(a)(2).

    C.    <u>Permissive Intervention</u>

Vineyard Wind argues permissive intervention is warranted because its interest in protecting the federal approvals and permits shares a common question of fact or law in each matter and it retains a strong interest in defending the federal approvals and permits for the Vineyard Wind Project. <u>See</u> Mem. in Supp. of Mot. to Intervene 17 [#6], 21-cv-11171; Fed. R. Civ. P. 24(b). Plaintiffs in each action oppose permissive intervention, contending that the court should exercise its broad discretion and deny Vineyard Wind's request on efficiency grounds.[4]

Where a common question of fact or law exists, permissive intervention is "wholly discretionary" and courts may consider "almost any factor rationally relevant" in its analysis. <u>Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. V. State St. Bank & Tr. Co.</u>, 290 F.R.D. 11, 14 (D. Mass. 2013); <u>Daggett</u>, 172 F.3d at 113. Given that Vineyard Wind timely moved to intervene, agreed to work with the existing parties to avoid unnecessary delay as a result of its intervention, and has an incentive to resolve this matter promptly, the court concludes permitting Vineyard Wind to intervene under Rule 24(b) would not create undue delay or prejudice the original parties in either case. Accordingly, having determined that Vineyard Wind has significant interests at stake in the litigation and that the outcome may impair its ability to protect those interests, the court finds permissive intervention appropriate.

---

[4] The Allco Plaintiffs also argue no common question of law or fact exists in this case. Where Allco is seeking to defend the actions the Allco Plaintiffs are challenging, the proposed intervention undoubtedly presents common question of law and fact.

## IV.    CONCLUSION

For the foregoing reasons, Vineyard Wind's <u>Motion to Intervene</u> in the Allco Matter [#5], 21-cv-11171, and in the NRAT matter [#11], 21-cv-11390, are GRANTED. Vineyard Wind may join as an intervener defendant in both actions pursuant to Fed. R. Civ. P. 24(b).

IT IS SO ORDERED.

January 7, 2022                                          /s/ Indira Talwani
                                                         United States District Judge

14