UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALLCO RENEWABLE ENERGY LIMITED, et al., | * * * | |
| Plaintiffs, | * * | |
| v. | * * | |
| DEB HAALAND, in her official capacity of Secretary of the Interior, et al., | * * * | Civil Action No. 1:21-cv-11171-IT |
| Defendants, | * * | |
| and | * * | |
| VINEYARD WIND 1 LLC, | * * | |
| Intervenor-Defendant. | * | |

MEMORANDUM & ORDER

June 30, 2022

TALWANI, D.J.

This case challenges final agency actions authorizing the construction and operation of Intervenor-Defendant Vineyard Wind 1 LLC's ("Vineyard Wind") proposed offshore wind energy facility off the southern coast of Martha's Vineyard, Massachusetts (the "Vineyard Wind Project"). Pending before the court is Defendants' Motion to Dismiss [Doc. No. 64] the Amended Complaint [Doc. No. 58] and Vineyard Wind's Motion for Judgment on the Pleadings [Doc. No. 70]. Both motions argue, inter alia, that this court must dismiss for lack of subject matter jurisdiction Counts I, II, XIV, XV, XVI, XVII, and XVIII (second)[1] which assert claims under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §1337(p)) and the

---

[1] The Amended Complaint [Doc. No. 58] lists two consecutive counts as Count XVIII. Only the second Count XVIII is brough under the ESA.

Endangered Species Act ("ESA"), 16 U.S.C. § 1531 et seq. Defendants argue that dismissal of these claims is mandatory because Plaintiff Thomas Melone failed to provide statutorily required notice prior to commencement of this action.[2] For the reasons that follow, Defendants' Motion to Dismiss is GRANTED as to these claims.[3]

OCSLA provides that "no action may be commenced under subsection (a)(1) of this section [the citizen suit provision] . . . prior to sixty days after the plaintiff has given notice of the alleged violation, in writing under oath, to the secretary and [other impacted officials]." 43 U.S.C. § 1349(a)(2)(A).[4] Similarly, under the ESA "[n]o action may be commenced under subparagraph (1)(A) [citizen suit provision] of this section . . . prior to sixty days after written notice of the violation has been given to the Secretary, and to any alleged violator of any such provision or regulation." 16 U.S.C. § 1540(g)(2)(A)(i). In the First Circuit "strict compliance with the notice provision in environmental statutes" is required and "failure to abide by . . . [such a provision] is fatal to the suit and can be cured only by dismissal and refiling after proper notice." Garcia v. Cecos Int'l, Inc., 761 F.2d 76, 79 (1st Cir. 1985) (rejecting "'pragmatic' approach to the sixty-day notice provision in environmental statutes adopted by several circuits and establishing notice provisions as non-waivable jurisdictional prerequisite); see also Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989) ("The notice and 60–day delay

---

[2] Plaintiffs' counsel clarified at a hearing on the pending motions that these claims were brought by Plaintiff Melone only.

[3] The court will address the remainder of the pending motions in a separate order.

[4] The statute contains an exception to the sixty-day waiting period for "any case in which the alleged violation . . . would immediately affect a legal interest of the plaintiff." Id. § 1349(a)(3). Melone did not invoke this exception here and would in any event not be entitled to it given that construction on the Vineyard Wind Project was not imminent. Moreover, the exception waives only the sixty-day waiting period, requiring pre-suit notice prior to commencement of any action regardless. Id.

requirements are mandatory conditions precedent to commencing suit under the [Resource Conservation and Recovery Act of 1976] citizen suit provision; a district court may not disregard these requirements at its discretion.").

Here, Melone has conceded that he did not provide the requisite sixty-day notice prior to commencing this action on July 18, 2021. "[A] mere adjustment of the trial date or the filing of a supplemental or amended complaint to cure defective notice cannot restore a sixty-day non-adversarial period to the parties," which is the purpose of the notice and waiting requirements, and thus dismissal of "suits where the complaint is filed less than sixty days after actual notice to the agency and the alleged violators" is necessary. Garcia v. Cecos Int'l, Inc., 761 F.2d 76, 82 (1st Cir. 1985); see also Friends of Animals v. Salazar, 670 F. Supp. 2d 7, 13 (D.D.C. 2009) (allowing a plaintiff "leave to amend its Complaint after commencing an action without proper notice would undermine the statute and render the notice requirement meaningless"). Accordingly, because Melone did not provide the requisite notice of his intent to sue in accordance with the citizen suit provision of each statute, Counts I, II, XIV, XV, XVI, XVII, and XVIII (second) of the Amended Complaint [Doc. No. 58] are DISMISSED without prejudice.

    IT IS SO ORDERED.

June 30, 2022                                        /s/ Indira Talwani
                                                            United States District Judge